IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00580-BNB

KYLE LEE HOUSTON, Persona-Sui-Juris, a/k/a Delihue III, Hebrew Masonic Jew of the Israel Nation,

    Applicant,

v.

TOM CLEMENTS (C.D.O.C.), and
DIRECTOR WILLSON, City, County D.C.J.,

    Respondent.

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, Kyle Lee Houston, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Houston has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Houston is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Houston will be ordered to file an amended application if he wishes to pursue any claims in this action.

    Mr. Houston's claims in the application are not clear. Although he is confined at the Denver County Jail, most of the application consists of references to sentences he has served, or may still be serving, in the custody of the Colorado Department of Corrections. It is not clear why Mr. Houston currently is confined at the Denver County Jail, what conviction(s) or sentence(s) he may be challenging in this action, or why he

believes he is entitled to habeas corpus relief in federal court.  It also is not clear whether Mr. Houston's claims in this habeas corpus action properly are asserted pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2241.  If Mr. Houston seeks to challenge the validity of a state court conviction or sentence, his claims properly are asserted pursuant to § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  If Mr. Houston is not challenging the validity of a state court conviction or sentence and, instead, seeks to challenge the execution of a state sentence by jail or prison officials, his claims properly are asserted pursuant to § 2241.  *See id.*

In order for the court and Respondents to address his claims in this action, Mr. Houston must provide a clear statement of those claims.  Therefore, Mr. Houston will be ordered to file an amended application.  Mr. Houston should determine the appropriate statutory authority for his claims and file one pleading on the proper form asserting those claims.  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply even if he is challenging the execution of his sentence pursuant to § 2241, Mr. Houston must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of each asserted claim.  The habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v.*

*Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. Houston file an amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Houston shall obtain the appropriate court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Houston fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 20, 2013, at Denver, Colorado.

                              BY THE COURT:

                               s/ Boyd N. Boland
                              United States Magistrate Judge